J-S30025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK BOSTIC | : | |
| | : | |
| Appellant | : | No. 1773 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007895-2022

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                     **FILED SEPTEMBER 24, 2025**

Derrick Bostic (Appellant) appeals from the judgment of sentence imposed following his guilty plea to one count each of persons not to possess a firearm, firearms not to be carried without a license, and carrying a firearm on public streets in Philadelphia.[1] Additionally, Appellant's court-appointed counsel, Jules N. Szanto, Esquire (Counsel), has filed a petition to withdraw and accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant Counsel's petition to withdraw and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108.

The criminal complaint set forth the allegations forming the basis for Appellant's guilty plea:

On 9/17/22, near 5700 Girard Ave[nue] in Philadelphia, [Appellant] attempted to steal $120 from B.G. [(the victim)] by threat of violence.  [Appellant] held a firearm and stated, "I don't play any games," as he drove [the victim] to an ATM for the purpose of [the victim] repaying money owed [to Appellant].  [Appellant] demanded $200, although [the victim] only owed $80.  [Appellant] is not licensed to possess firearms and is ineligible to do so[,] d[ue] to a [disqualifying] conviction.  The firearm was concealed in a vehicle when recovered [by law enforcement].[2]

Criminal Complaint, 9/17/22, at 1 (capitalization modified; footnote added).

On November 18, 2022, the Commonwealth filed a criminal information charging Appellant with the above-described offenses.  On April 13, 2023, Appellant filed a suppression motion, which the trial court denied on September 13, 2023, following a hearing.

Appellant entered an open guilty plea to the above offenses on March 12, 2024.  The trial court ordered a presentence investigation report (PSI) and mental health evaluation, and scheduled a sentencing hearing.  On May 8, 2024, the trial court sentenced Appellant to 3½ to 7 years in prison for persons not to possess a firearm, and a consecutive 5 years' probation for firearms not

---

[2] In his police report, Philadelphia Police Detective Christopher Livingston (Detective Livingston) indicated that the victim called 911 after Appellant briefly permitted him to enter his girlfriend's residence to retrieve his ATM card.  Police Report, 9/17/22, at 1.  Detective Livingston indicated that the victim advised the 911 operator where he and Appellant were going, which is where law enforcement intercepted Appellant and recovered Appellant's firearm.  *Id.*

to be carried without a license.  The trial court imposed no further penalty for carrying a firearm on public streets in Philadelphia.  The sentences imposed for each count were downward deviations **below the mitigated ranges of the applicable sentencing guidelines**.[3]

On May 19, 2024, Appellant timely filed a post-sentence motion requesting that the trial court reduce his sentence "either to a lengthy term of probation or to a county jail sentence."  Post-Sentence Motion, 5/19/24, ¶ 7.  In support of his request, Appellant attached to his motion several letters describing Appellant as a person of good character.  *Id.*, Exhibit A.  On May 24, 2024, the trial court denied Appellant's post-sentence motion without a hearing.  The trial court granted trial counsel's request to withdraw on June 10, 2024, and appointed Counsel, who timely filed a notice of appeal on Appellant's behalf.

On June 25, 2024, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 30 days.  More than three months later, on October 1, 2024, Counsel filed a notice of his intention to file an *Anders* brief, pursuant to Rule 1925(c)(4).  On November 13, 2024, the trial court sent correspondence to this Court noting Counsel's intention to file an *Anders* brief, and indicating it did not intend to

_____

[3] At sentencing, the parties agreed that the standard guideline range for Appellant's persons not to possess a firearm conviction was 72 to 90 months in prison, plus or minus 12 months.  N.T., 5/8/24, at 5.

issue a formal Rule 1925(a) opinion. Counsel subsequently filed in this Court a petition to withdraw and an **Anders** brief. Observing an incorrect statement of law in Counsel's correspondence to Appellant, which was attached to Counsel's petition to withdraw, we directed Counsel to send corrected correspondence to Appellant. Counsel complied. Appellant has not retained alternative counsel or filed a response to Counsel's petition to withdraw.

We address Counsel's petition to withdraw before considering the issue raised in the **Anders** brief. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (citation omitted)). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to **Santiago**, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 4 -

***Id.*** (quoting ***Santiago***, 978 A.2d at 361). Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an ***Anders*** brief and a separate petition to withdraw from representation. In his brief, Counsel indicates that he "made a conscientious examination of the record, the controlling case law and the applicable statutes" and determined that Appellant's appeal is "wholly frivolous." ***Anders*** Brief at 10-11; ***see also*** Petition to Withdraw, 3/5/25, ¶ 2 (Counsel indicating "there are not meritorious claims on which Appellant could prevail by way of appeal."). Additionally, Counsel sent a letter to Appellant informing him of Counsel's intention to withdraw, and advising Appellant of his right to retain new counsel or proceed *pro se* to raise additional claims. ***See id.***, attachment. Counsel furnished Appellant with copies of the petition to withdraw and the ***Anders*** brief. ***Id.***; ***Anders*** Brief at 11. The ***Anders*** brief summarizes the factual and procedural history underlying this appeal, identifies the sentencing issue Appellant wishes to raise, and explains Counsel's reasons for concluding that the appeal is wholly frivolous. ***See Anders*** Brief at 5-9. As Counsel has satisfied the procedural requirements of ***Anders*** and ***Santiago***, we review the record to determine whether Appellant's appeal is wholly frivolous.

Counsel's **Anders** brief identifies the following issue Appellant wishes to raise on appeal:

> Did the [t]rial [c]ourt abuse its discretion in sentencing Appellant to three-and-a-half (3½) to seven (7) years' incarceration, which was below the standard range of the Pennsylvania Sentencing Guidelines, after an open guilty plea by [A]ppellant?

**Anders** Brief at 4 (punctuation modified).

Appellant challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. **See Commonwealth v. Torres**, 303 A.3d 1058, 1064 (Pa. Super. 2023). Instead, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

Instantly, Appellant timely filed a post-sentence motion and notice of appeal. Although Counsel has not included a separate Rule 2119(f) statement in his brief, where counsel has filed an *Anders* brief concluding a defendant's sentencing challenge is frivolous, "this Court has reviewed the matter even absent [a Rule] 2119(f) statement." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted). Consequently, we consider whether Appellant presents a substantial question that his sentence is inappropriate under the Sentencing Code.

In his post-sentence motion, Appellant essentially argued that the sentence imposed was too severe in light of the fact that "the majority of [Appellant's] convictions are older than ten (10) years and are non-violent in nature." Post-Sentence Motion, 5/19/24, ¶ 8. Appellant presents a substantial question. *See Zeigler*, 112 A.3d at 662 ("[A]n excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question." (citation omitted)); *see also Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." (citation omitted)). Accordingly, we turn to the merits of Appellant's discretionary sentencing claim.

Appellant argues that his sentence "was manifestly excessive in light of the sentencing factors within the Sentencing Code …." *Anders* Brief at 8.

We review discretionary sentencing claims "with great deference to the sentencing court":

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Alameda*, 339 A.3d 504, 511–12 (Pa. Super. 2025) (citation omitted).

The Sentencing Code directs the trial court to follow the general principle that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court must also consider "the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Conklin*, 275 A.3d 1087, 1094 (Pa. Super. 2022) (citation omitted).

Instantly, the trial court had the benefit of a PSI. "Where the trial court has the benefit of reviewing a PSI, we must presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

*Alameda*, 339 A.3d at 513 (paragraph break and citation omitted); *see also id.* ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." (citation omitted)). Significantly, "[w]here the sentencing court imposes a standard-range sentence with the benefit of a [PSI], we will not consider the sentence excessive." *Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation and brackets omitted).

At the sentencing hearing, the trial court explained its rationale for the sentence it imposed as follows:

> I've considered all of the statutory factors, including the need for [the] protection of the public, the gravity of the offense in relation to [its] impact on the community, and the rehabilitative needs of [Appellant]. I heard from [Appellant], and I heard from [Appellant's] mother. I heard from defense counsel, from the Commonwealth. I read the PSI [] and the mental health evaluation. There is certainly mitigation here in my estimation. I believe that [Appellant's] acceptance of responsibility[4] is [a] level of mitigation.
>
> …. [W]ith [Appellant's] acceptance of responsibility, [Appellant] is working towards rehabilitation. In fact, certainly accepting responsibility is the first step towards rehabilitation.
>
> I am concerned that [Appellant] did have a firearm. I'm also concerned about the underlying factors associated with why the police were there. It was [reported as] a robbery [], which call[ed] the police to respond[,] which was born[e] out and corroborated by the fact that [Appellant] did, in fact, have a firearm on him while he was prohibited [from] do[ing] so. I am mindful of the fact, however, that with the prior record score of 5,

_____

[4] At the sentencing hearing, Appellant exercised his right to allocution. *See* N.T., 5/8/24, at 21-22.

> [Appellant] doesn't have any violent offenses.  Moreover, many of the offenses are very remote.
>
> I don't think a county [jail] sentence in this case is appropriate, nor do I think a guideline sentence is appropriate.

N.T., 5/8/24, at 24-25 (footnote added).

We discern no abuse of the trial court's discretion.  **See Alameda**, 339 A.3d at 511.  In addition to reading and referencing the PSI, the trial court specifically addressed the seriousness of the crime and Appellant's rehabilitative needs.  After considering all of the facts and circumstances of the case, the trial court imposed a sentence that was a significant departure **below** the applicable sentencing guidelines.  As we observed above, where a trial court has reviewed a PSI and imposes a standard-range guideline sentence, we will not deem the sentence imposed excessive.  **See Bankes**, 286 A.3d at 1307; **see also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." (citation omitted)).  Accordingly, Appellant's discretionary sentencing claim merits no relief.

Because our independent review of the record reveals no issues of arguable merit that Appellant could raise, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2025